IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60665

Summary Calendar
_____


GRAY INSURANCE COMPANY,

                              Petitioner,

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR; AETNA CASUALTY & SURETY
COMPANY; JOSEPH H GROS,

                              Respondents.

_____

On Petition for Review of a Final
Order of the Benefits Review Board
(94-2413)
_____
June 2, 1997
Before KING, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

An administrative law judge found that Gray Insurance

Company is responsible, pursuant to the Longshore & Harbor

Workers' Compensation Act, for the disability benefits due to

Joseph H. Gros because of his heart condition, and the Benefits

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Review Board affirmed.  Gray Insurance Company appeals this determination of responsibility.  Finding no error, we affirm.

## I. BACKGROUND

The basic facts of this case are simple and undisputed. Joseph H. Gros was employed by Dixie Machine Welding & Metal Works ("Dixie") on September 14, 1989, when he suffered a heart attack.  At that time, Aetna Casualty & Surety Company ("Aetna") was Dixie's insurance carrier, covering benefits under the Longshore & Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950.  Gros continued working for Dixie, and he suffered another heart attack on May 21, 1993, while working.  At the time of Gros's second heart attack, Gray Insurance Company ("Gray") provided Dixie's coverage for LHWCA liability.  After this second heart attack, Gros has not return to work and has been determined to be disabled.

Gros brought a claim for benefits under the LHWCA against Dixie, Aetna, and Gray.  The administrative law judge ("ALJ") held a formal hearing and determined, in part relevant to this appeal, that Gray was responsible for Gros's disability benefits because the evidence showed that Gros's work at Dixie accelerated and aggravated his preexisting heart condition, leading to his second heart attack and resultant disability.  The ALJ's decision was automatically affirmed by the Benefits Review Board ("BRB"), pursuant to the provisions of Public Law 104-134, 110 Stat. 1321

2

(Omnibus Appropriations for Fiscal Year 1996) because it had been pending before the BRB for more than one year.  The ALJ's final decision is considered the final order of the BRB for purposes of review by this court.

Gray appeals, arguing that Aetna should be responsible because the second heart attack and resultant disability was the direct and natural result of or a natural progression of the compensable prior injury (the first heart attack).

## II.  ANALYSIS

This court reviews the decision of the BRB for errors of law and applies the same substantial evidence standard that governs the BRB's review of the ALJ's factual findings.  *Mendoza v. Marine Personnel Co.*, 46 F.3d 498, 500 (5th Cir. 1995).  We must affirm the BRB's decision if the ALJ's findings are supported by substantial evidence and are in accordance with the law.  *Id.* Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951).

The law applicable to this case is well settled.  As the BRB, affirmed by the Fifth Circuit, concluded in a case nearly identical to this case involving a dispute between two carriers over responsibility for a subsequent injury and disability,

> if the disability . . . resulted from the natural
> progression of [a prior] injury and would have occurred

3

> notwithstanding the [subsequent] injury, then the
> [prior] injury is compensable and accordingly, [the
> prior carrier] is the responsible carrier.  If, on the
> other hand, the [subsequent] injury aggravated,
> accelerated, or combined with claimant's prior injury,
> thus resulting in claimant's disability, then the
> [subsequent] injury is the compensable injury, and [the
> subsequent carrier] is the responsible carrier.

*Crawford v. Equitable Shipyards, Inc.*, 11 BRBS 646, 649-50 (1979)

(citations omitted), *aff'd sub nom. Employers Nat'l Ins. Co. v.

Equitable Shipyards*, 640 F.2d 383 (5th Cir. 1981).  This rule is

also referred to as the aggravation rule, *see Strachan Shipping

Co. v. Nash*, 782 F.2d 513 (5th Cir. 1986), or the two-injury

rule, *see Foundation Constructors, Inc. v. Director, Office of

Workers Compensation Programs*, 950 F.2d 621 (9th Cir. 1991).[1]

The ALJ relied on the testimony of Dr. Vorhoff, Gros's

treating physician, who provided the only medical expert

testimony.  Dr. Vorhoff testified that while the second heart

attack (and resultant disability) was "related to" and "a late

sequela" of the first heart attack, he thought performing

strenuous work in a hot environment (such as Gros performed) and

the stress of working could exacerbate a preexisting heart

condition and that the exertion at work precipitated Gros's

second heart attack.  Gray emphasizes Dr. Vorhoff's testimony

that the second heart attack was a sequela of the first one to

---

[1]  Gray agrees with this statement of the law, but asserts
that the ALJ did not apply it.  After reviewing the final order,
we conclude that the ALJ clearly applied the correct law.

argue that the subsequent disability was a natural progression of the prior injury, but this ignores Vorhoff's further testimony about the relationship between working and the aggravation of Gros's condition. Based on Dr. Vorhoff's testimony, reasonable minds could conclude that the disability did not result from the natural progression of the first heart attack but was aggravated, accelerated, or exacerbated by working. Thus, there is substantial evidence to support the conclusion that Gray is responsible for Gros's disability benefits.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the final order of the Benefits Review Board.

5